# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>LISA LARRANGA, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-00556-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1) |

Plaintiff Jose Valdez ("Plaintiff"), a former Stanislaus County Jail inmate, proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a consent to Magistrate Judge jurisdiction on May 11, 2016. (ECF No. 5.) Plaintiff's complaint, filed on April 20, 2016, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff's allegations concern events that transpired while he was detained in the Stanislaus County Jail. As defendants, Plaintiff names Lisa Larranaga, a Medical Program Manager, and Adam Christianson, Stanislaus County Sheriff. In summary, Plaintiff alleges that he involved in a fight on June 5, 2015, and was struck by a Rapid Containment Baton twice, once on the back of his left arm and once on his left thumb joint. Plaintiff contends that his left thumb joint was fractured and healed improperly. Plaintiff complains that he was denied necessary medical treatment for his injuries by various nurses, including LVN Lenette and LVN Francesca. As a result, Plaintiff filed a grievance, and was interviewed on September 11, 2015 by RN Nadaline Bergman. Nurse Bergman ordered an x-ray and prescribed physical therapy. Plaintiff was x-rayed on September 12, 2015, and received a response to his grievance on September 16, 2015. According to the response, the x-ray showed a healed fracture at the location of Plaintiff's concern, which had been missed in the first x-ray, but the grievance was denied.

On September 20, 2015, Plaintiff appealed to Defendant Larranaga, the Medical Program Manager. Plaintiff received a denial of his grievance on November 9, 2015. In the interim, on October 7, 2015, Nurse Bergman took photos of Plaintiff's joint for referral to orthopaedic. On November 2, 2015, Nurse Bergman informed Plaintiff that orthopaedic was happy with how Plaintiff's joint had healed, but a third x-ray was taken on November 10, 2015. The x-ray technician informed Plaintiff that the broken hand had been missed.

Plaintiff asserts claims for deliberate indifference to serious medical needs and excessive force in the use of the baton by Deputy Beard.

### III. Discussion

Plaintiff fails to state a cognizable claim against the two named defendants in this action. As Plaintiff is proceeding pro se, he will be given leave to amend his complaint to cure the identified deficiencies. To assist Plaintiff, he will be provided with the relevant pleading and legal standards that appear applicable to his claims.

### A. Supervisory Liability

Plaintiff names Adam Christianson, Stanislaus County Sheriff, as a defendant in this action. However, Plaintiff has not alleged that Sheriff Christianson was personally involved in any constitutional deprivation. To the extent Plaintiff seeks to hold Sheriff Christianson (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942

F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Here, Plaintiff does not allege that Sheriff Christianson participated in or directed any violations, knew of any violations and failed to act to prevent them or implemented a deficient policy that was the moving force behind any violation. Therefore, Plaintiff fails to state a cognizable claim against Sheriff Christianson in his supervisory capacity.

### B. Grievance Process

Plaintiff appears to allege that his rights were violated because Defendant Larranaga denied his inmate grievance. However, an inmate grievance procedure does not confer any substantive rights and actions in reviewing those appeals cannot serve as a basis for liability under section 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Further, based on exhibits attached to the complaint, it appears that Defendant Larranaga responded to Plaintiff's grievance in October 2015, and informed him that the medical team was reviewing and updating his plan of care and he should inform medical if anything changed before that time.

### C. Inadequate Medical Care

It is not clear from Plaintiff's complaint if he was a pretrial detainee or convicted inmate during the course of events alleged. Assuming, without deciding, that Plaintiff was a pretrial detainee during the relevant time period, the standard by which his claim of deliberate indifference to a serious medical condition is judged is subject to dispute. Guerra v. Sweeny, No. 1:13-cv-01077-AWI BAM (PC), 2016 WL 5404407, at *2-4 (E.D. Cal. Sept. 27, 2016) (Ishii, J.). Traditionally, where a pretrial detainee alleges inadequate medical care, courts have found that a pretrial detainee's rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment and have applied the same standard. Id. at *2. However, recent decisions by the Supreme Court and Ninth Circuit have called into doubt whether the protections afforded by the Fourteenth Amendment and Eighth Amendment are comparable. Id. In Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016), the Ninth Circuit set out a new standard, eliminating a subjective intent to punish requirement in the context of a pretrial detainee's failure-to-protect claim. 833 F.3d at 1070. At least one court in this district has extended Castro to a pretrial detainee's claim for inadequate medical care, finding that

4

elements of such a claim under the Fourteenth Amendment are as follows: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. Guerra, 2016 WL 5404407, at *3.

Although Plaintiff may be able to state a cognizable claim related to allegations of inadequate medical care, Plaintiff has not named the proper defendants in this action. As discussed above, neither Sheriff Christianson nor Defendant Larranaga was involved in his medical treatment. Plaintiff will be given leave to cure this deficiency and to name the proper defendant or defendants.

### D. Excessive Force

A pretrial detainee may state a claim for excessive force in violation of the Fourteenth Amendment by alleging that the force purposely or knowingly used against him was objectively unreasonable. Kingsley v. Hendrickson, 135 S.Ct. 2466, 2472-73 (2015). As with his claim involving medical treatment, Plaintiff may be able to state a claim for excessive force, but he has not named the proper defendants. Neither Sheriff Christianson nor Defendant Larranaga was involved in Plaintiff being struck with a baton. Plaintiff will be given leave to cure this deficiency and to name the proper defendant.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

1 | Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint, filed April 20, 2016 (ECF No. 1), is dismissed for failure to state a claim upon which relief can be granted;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

**4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **May 10, 2017**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE