UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LISA LARRANGA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-00556-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 9)<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

Plaintiff Jose Valdez ("Plaintiff"), a former Stanislaus County Jail inmate, proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 10, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) Plaintiff's first amended complaint, filed on June 8, 2017, is currently before the Court for screening. (ECF No. 9.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff's allegations concern events that transpired while he was detained in the Stanislaus County Jail. Plaintiff names the following defendants: (1) Sheriff Deputy G. Beard; (2) Licensed Vocational Nurse ("LVN") Lenette; and (3) LVN Francesca.

Plaintiff alleges: On June 5, 2015, while serving a prison sentence of 6 years, 8 months in the Stanislaus County Jail, Plaintiff alleges that he was struck by a Rapid Containment Baton (RCB) twice, on the back of his left arm and left thumb joint, by Deputy Beard. Plaintiff's left thumb joint was fractured. Plaintiff contends that although he was fighting with another inmate, he did not deserve to be struck with the RCB and have his joint fractured. Plaintiff further contends that Deputy Beard had other options "of much lesser force" available, including a taser gun and mace can, to subdue the

mutual combat. (ECF No. 9 at p. 7.) Plaintiff asserts that the force used was unnecessary to stop a simple fist fight, where neither of the involved inmates was in real danger of serious injury or death.

On the same date, Defendant Lenette examined Plaintiff for injuries caused by the strikes of the RCB. When Defendant Lenette arrived to examine Plaintiff, she knew that he had just been struck by the RCB and had been in a fight. Plaintiff showed Defendant Lenette two tennis-ball-sized distensions at his left back arm and at his left thumb joint, and complained that they were extremely painful. Defendant Lenette reportedly dismissed Plaintiff's assertions, stating "Nothing is broken, in a few days you'll be fine." (Id. at p. 12.) Plaintiff alleges that Defendant Lenette missed that his joint was fractured and that he needed an x-ray. Plaintiff further alleges that Defendant Lenette claimed that nothing was broken based only on a cursory visual assessment. Plaintiff contends that Defendant Lenette medically cleared him, despite the medical necessity of an x-ray, and his joint now has a protuberance the size of walnut.

Several hours after Plaintiff was medically cleared by Defendant Lenette, Defendant Francesca examined Plaintiff before he was rehoused in the E Unit. Defendant Francesca examined and cleared Plaintiff while in the hallway area outside of the E Unit. When Plaintiff complained to Defendant Francesca in the same way that he complained to Defendant Lenette, Defendant Francesca said, "You shouldn't of [sic] been fighting, you did it [the RGB strikes] to yourself, so you deal with it." (Id. at p. 17.)

Plaintiff suffered in his cell for about a week, taking Motrin twice daily for a pre-existing toothache. On June 12, 2015, Plaintiff was examined by Defendant Francesca, during which Plaintiff convinced her to order an x-ray. Although Defendant Francesca ordered an x-ray, she denied Plaintiff anything stronger than Motrin for his pain.

On June 19, 2015, Plaintiff's joint was x-rayed. After a week without follow-up, Plaintiff initiated another medical examination. On June 27, 2015, Defendant Francesca explained that the x-ray showed his joint was not broken. Although Plaintiff showed her the distension at the joint, Defendant Francesca claimed that it was simply "soft tissue and bruising which would eventually get better." (Id. at p. 18.) Plaintiff believed her professional judgment, but his joint size and pain did not reduce entirely after a few weeks, which prompted him to initiate another medical examination.

3

On September 7, 2015, Plaintiff pressed Defendant Francesca for answers that would explain why his joint was still in such a state. Defendant Francesca indicated that nothing further would be done, and she terminated the examination.

Plaintiff subsequently filed a grievance, which resulted in a second x-ray on September 12, 2015. In response to grievance, it was revealed that the second x-ray showed a healed fracture at the location of his concern. Plaintiff alleges that this was something that Defendant Francesca had missed in the first x-ray.

**III.   Discussion**

**A.  Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v.McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9-10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Here, Plaintiff's allegations of excessive force against Deputy Beard do not rise to the level of constitutional violation. As admitted by Plaintiff, Deputy Beard applied only two strikes of the RCB in an effort to break-up a fight between Plaintiff and another inmate. Plaintiff's allegations do not demonstrate the Deputy Beard employed force maliciously and sadistically to cause harm.

4

### B. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff has failed to state a cognizable deliberate indifference claim against Defendants Lenette and Francesca. At best, Plaintiff has alleged negligence or malpractice in diagnosing his medical condition, which does not rise to the level of a constitutional violation. Indeed, Plaintiff's complaint suggests that both defendants incorrectly determined that Plaintiff did not have a break or

5

fracture requiring an x-ray. Estelle, 429 U.S. at 107 (question of "whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray…does not represent cruel and unusual punishment. At most it is medical malpractice . . ."). Further, Plaintiff's allegations that Defendant Francesca did not perceive a fracture after his initial x-ray also amounts, at most, to medical malpractice or gross negligence, neither of which support a constitutional claim.

### IV. Appointment of Counsel

Plaintiff has requested the appointment of counsel. However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances, and Plaintiff has not identified any circumstances warranting appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has screened Plaintiff's first amended complaint and found that he has a failed to state a cognizable claim upon which relief may be granted. Plaintiff will be granted a final opportunity to amend his claims. Additionally, based on a review of the record in this case, the Court

does not find that Plaintiff cannot adequately articulate his claims. For these reasons, Plaintiff's request for the appointment of counsel is HEREBY DENIED without prejudice.

### V.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with a final opportunity to amend his complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint, filed June 8, 2017 (ECF No. 9), is dismissed for failure to state a claim upon which relief can be granted;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

///
///
///
///
///

**4.** If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 14, 2017** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE