**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE VALDEZ, | ) Case No.: 1:16-cv-00556-BAM (PC) |
| Plaintiff, | ) ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | ) |
| LISA LARRANGA, et al., | ) FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR |
| Defendants. | ) FAILURE TO STATE A CLAIM (ECF No. 11) |
| | ) |
| | ) **FOURTEEN-DAY DEADLINE** |

Plaintiff Jose Valdez ("Plaintiff"), a former Stanislaus County Jail inmate, proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated at the time he initiated this action. On June 15, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's second amended complaint, filed on July 14, 2017, is currently before the Court for screening. (ECF No. 11.)

### I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

1  from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §
2  1915(e)(2)(B)(ii).

3      A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's
8  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
9  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
10 omitted).

11     To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient
12 factual detail to allow the Court to reasonably infer that each named defendant is liable for the
13 misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.
14 United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant
15 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
16 plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572
17 F.3d at 969.

18     **II.     Plaintiff's Allegations**

19     Plaintiff's allegations concern events that transpired while he was detained in the Stanislaus
20 County Jail. Plaintiff names the following defendants: (1) Sheriff Deputy G. Beard; (2) Licensed
21 Vocational Nurse ("LVN") Lennette; and (3) LVN Francesca.

22     Plaintiff alleges: On June 5, 2015, while serving a prison sentence of 6 years, 8 months in the
23 Stanislaus County Jail, Plaintiff alleges that he was involved in a fist fight, and was struck by a Rapid
24 Containment Baton (RCB) twice, on the back of his left arm and left thumb joint, by Deputy Beard.
25 Plaintiff's left thumb joint was fractured. Plaintiff contends that although he was fighting with another
26 inmate, it was unjustified that he be struck with RCB. Plaintiff alleges that that the fight was not out
27 of the ordinary, or out of control, and it did not pose a threat to responding deputies or the other
28 inmate. Plaintiff further alleges that Defendant Beard ought to have strictly tailored his application

and use only that force which was reasonably needed to obtain compliance. Plaintiff further contends that Deputy Beard had other options "of much lesser force" available, including a taser gun and mace can, to gain compliance. (ECF No. 11 at p. 7.) Plaintiff asserts that Defendant Beard, at best, made only one verbal command to get on the ground.

On the same date, Defendant Lenette examined Plaintiff for injuries caused by the strikes of the RCB. When Defendant Lennette arrived to examine Plaintiff, she knew that he had just been struck by the RCB and had been in a fight. Plaintiff showed Defendant Lennette two tennis-ball-sized distensions at his left back arm and at his left thumb joint. Defendant Lennette visually assessed Plaintiff's injuries. Plaintiff then asked for pain medication and an x-ray. Defendant Lennette reportedly dismissed Plaintiff's assertions, stating "Nothing is broken, in a few days you'll be fine." (Id. at p. 9.) Plaintiff alleges that Defendant Lenette was deliberately indifferent to his seriously medical need because she failed to order an x-ray or alleviate his pain, and delayed the discovery of his fracture. Plaintiff alleges that as a result his joint is a protuberance about the size of a walnut.

Several hours after Plaintiff was medically cleared by Defendant Lennette, Defendant Francesca examined Plaintiff before he was rehoused in the E Unit. Defendant Francesca examined and cleared Plaintiff while in the hallway area outside of the E Unit. When Plaintiff complained to Defendant Francesca in the same way that he complained to Defendant Lennette, Defendant Francesca said, "You shouldn't of [sic] been fighting, you did it [the (RCB) strikes] to yourself, so you deal with it." (Id. at p. 11.)

Plaintiff suffered in his cell for about a week, taking Motrin twice daily for a pre-existing toothache. On June 12, 2015, Plaintiff was examined by Defendant Francesca, during which Plaintiff convinced her to order an x-ray. Although Defendant Francesca ordered an x-ray, she denied Plaintiff anything stronger than Motrin for his pain.

On June 19, 2015, Plaintiff's joint was x-rayed. After a week without follow-up, Plaintiff initiated another medical examination. On June 27, 2015, Defendant Francesca explained that the x-ray showed his joint was not broken. Although Plaintiff showed her the distension at the joint, Defendant Francesca claimed that it was simply "soft tissue and bruising which would eventually get

3

better." (Id. at p. 12.)  Plaintiff believed her professional judgment, but his joint size and pain did not reduce entirely after a few weeks, which prompted him to initiate another medical examination.

On September 7, 2015, Plaintiff pressed Defendant Francesca for answers that would explain why his joint was still in such a state.  Defendant Francesca indicated that nothing further would be done, and she terminated the examination.

Plaintiff subsequently filed a grievance, which resulted in a second x-ray on September 12, 2015.  In response to grievance, it was revealed that the second x-ray showed a healed fracture at the location of his concern.  Plaintiff alleges that this was something that Defendant Francesca had missed in the first x-ray.

### III.  Discussion

#### A. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v.McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9-10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Here, Plaintiff's allegations of excessive force against Deputy Beard do not rise to the level of constitutional violation.  As admitted by Plaintiff, Deputy Beard applied only two strikes of the RCB

4

in an effort to break-up an ongoing fight between Plaintiff and another inmate after giving at least one verbal command for Plaintiff to get down, without compliance. Plaintiff's allegations do not demonstrate the Deputy Beard employed force maliciously and sadistically to cause harm, but instead used force to maintain or restore discipline. Plaintiff's mere recitation of the elements of an excessive force claim is not sufficient.

### B. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence

is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff has failed to state a cognizable deliberate indifference claim against Defendants Lenette and Francesca. At best, Plaintiff has alleged negligence or malpractice in diagnosing his medical condition, which does not rise to the level of a constitutional violation. Indeed, Plaintiff's complaint suggests that both defendants incorrectly determined that Plaintiff did not have a break or fracture requiring an x-ray. Estelle, 429 U.S. at 107 (question of "whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray…does not represent cruel and unusual punishment. At most it is medical malpractice . . ."). Further, Plaintiff's allegations that Defendant Francesca did not perceive a fracture after his initial x-ray also amounts, at most, to medical malpractice or gross negligence, neither of which support a constitutional claim.

Plaintiff also complains about the denial of pain medication. However, Plaintiff admits that he was receiving pain medication in the form of Motrin.

### IV.    Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards and multiple opportunities to amend his complaint, Plaintiff has been unable to cure the identified deficiencies. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 15, 2018**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE